RICHARD SLODOWSKI, PLAINTIFF, v.
ANNA MARGIT SLODOWSKI, DEFENDANT.

Superior Court of New Jersey
Chancery Division
(Matrimonial)

Decided February 10, 1978.

378

*Mr. Richard L. Olive* argued the motion for plaintiff.

*Mr. Arthur H. Garvin, III* argued the motion for defendant (*Messrs. Kerby, Cooper, Schaul & Garvin,* attorneys).

DREIER, J. C. C., Temporarily Assigned. This is a matrimonial action in which plaintiff husband seeks to enforce an Ohio divorce decree awarding him title to real property located in New Jersey. Defendant wife, in turn, counterclaims for a judgment declaring her to be vested with sole title to the property and declaring the Ohio decree null and void insofar as it purports to affect the New Jersey realty. Defendant moves for summary judgment, and this court has viewed the facts asserted in the light most favorable to plaintiff. *Judson v. Peoples Bank & Trust Co.,* 17 N. J. 67 (1954).

The parties were married on May 1, 1954. On February 7, 1957 they acquired title as tenants by the entireties to property commonly known as 71 West End Avenue, Summit, New Jersey. Sometime during the marriage the parties also acquired title to real property in Pennsylvania.

Both parties agree that plaintiff experienced a severe financial difficulty arising from the many gambling debts he incurred. At various times defendant advanced money to him to pay these debts, in exchange for his promissory notes, none of which has been repaid. On January 1, 1969 plaintiff, under the weight of his financial problems, conveyed to de-

fendant all of his right, title and interest in the Summit real estate, which the parties subsequently remortgaged. At about this time plaintiff also conveyed exclusive title to the Pennsylvania realty to defendant.

On August 10, 1973 plaintiff filed a voluntary petition for bankruptcy in United States District Court. On schedule B-1 he answered "none" to real estate owned or held by him. On schedule B-4 he answered "none" to interest in land. Both parties testified before the referee in bankruptcy on October 3, 1973 that defendant was the sole owner of the Summit realty and that plaintiff had irrevocably conveyed all of his right, title and interest to the property in the 1969 deed. Plaintiff was ultimately adjudicated a bankrupt and discharged.

The parties separated in March 1974. Plaintiff then moved to Ohio and in May 1974 defendant moved to Sweden, where she has remained except for a brief period in January 1976 when she visited plaintiff in Ohio and discussed the possibility of divorce. Plaintiff asserts (and for the purpose of this motion this court must accept) that during this visit defendant promised to give him one-half of the value of the New Jersey property after deducting the value of the still outstanding promissory notes.

On July 20, 1976 plaintiff filed suit for divorce in the Court of Common Pleas, Summit County, Ohio. A copy of both the complaint and summons was mailed to defendant in Sweden. She neither answered the summons nor participated in the Ohio divorce action in any manner.

The parties were divorced by an Ohio judgment on October 20, 1976, at which time defendant was awarded the Pennsylvania property and all interest in the Summit property was awarded to plaintiff under the direction that

* * * the divorce decree shall serve as a deed transferring any and all interest defendant may have in such premises to the plaintiff and the court orders the Register of Deeds and Mortgages for Union

County, New Jersey to record the same as and for the deed of that interest to the defendant. [*Sic*].

No transcript was made of the divorce proceedings.

As noted at the outset, plaintiff instituted this action to enforce the Ohio judgment, defendant filing a counterclaim to declare her to have sole title to the Summit realty. Given the acknowledged state of facts, the matter is ripe for summary judgment.

■ The threshold question is the effect of that part of the Ohio decree which purports to distribute the real property acquired during the marriage. The Ohio divorce itself is valid, since plaintiff was an Ohio domiciliary. *Williams v. North Carolina*, 317 *U. S.* 287, 63 *S. Ct.* 207, 87 *L. Ed.* 279 (1942); *Woliner v. Woliner*, 132 *N. J. Super.* 216 (App. Div. 1975). However, the Ohio court could not distribute property located outside its boundaries, or enforce such distribution, without relying on such *in personam* jurisdiction as it might have over defendant. *Higginbotham v. Higginbotham*, 92 *N. J. Super.* 18 (App. Div. 1966); *Vanderbilt v. Vanderbilt*, 354 *U. S.* 416, 77 *S. Ct.* 1360, 1 *L. Ed.* 2d 1456 (1957); *Bullock v. Bullock*, 52 *N. J. Eq.* 561 (E. & A. 1894). Since the marital *res* had never existed in Ohio, and since defendant resided in Sweden at the time the complaint was filed and served on her by regular mail, and since she never responded to the summons, the Ohio court did not have the requisite personal jurisdiction over her. Its distribution of the Summit realty is thus not entitled to the full faith and credit of this court. *Cf. Woodhouse v. Woodhouse*, 11 *N. J.* 225, 228 (1953); *Shaffer v. Heitner*, 433 *U. S.* 186, 97 *S. Ct.* 2569, 53 *L. Ed.* 2d 683 (1977).

■■ In the absence of a valid Ohio determination, may this court provide for equitable distribution of the Summit realty? "[A] foreign divorce may serve as the basis for an equitable division of marital property" by a New Jersey court. *Woliner, supra*, 132 *N. J. Super.* at 223. New Jersey had been the predominate marital domicile and also is

the situs of the disputed property. Its courts are therefore an appropriate forum for equitable distribution and this State should supply the governing law. *Woliner, supra; Lawrence v. Lawrence,* 79 *N. J. Super.* 25 (App. Div. 1963); *Fall v. Eastin,* 215 *U. S.* 1, 30 *S. Ct.* 3, 54 *L. Ed.* 65 (1909); *Estin v. Estin,* 334 *U. S.* 541, 68 *S. Ct.* 1213, 92 *L. Ed.* 1561 (1948); *Vanderbilt, supra,* and *Bullock, supra.*[1]

Title to the Summit property is currently in defendant's name. The property was admittedly placed in her name by the plaintiff in anticipation of litigation that might arise from plaintiff's financial difficulties. In the bankruptcy proceedings that subsequently did occur, plaintiff was found to have no real property in New Jersey. As a court of equity we will not permit plaintiff now to claim title to this property and, in effect, defraud his creditors. Exclusive title to the Summit property shall remain in defendant's name.

If plaintiff seeks to enforce the alleged oral agreement for defendant to pay to him a portion of the value of the Summit real estate, an appropriate amended complaint may be filed within ten days of the date of this opinion. Defendant shall have such defenses thereto as to lack of consideration, estoppel, or the like as may be raised. Absent such amended complaint, and at least as to the claims made herein, defendant's motion for summary judgment is granted.

---

[1] Using the basis of predominate matrimonial domicile and the situs of the real property to support jurisdiction and choice of law is not foreign to New Jersey law. In contract law, the modern trend in this State and elsewhere is to determine the rights and duties of contracting parties according to "the law of the jurisdiction having the most significant relationship to the parties and to the transaction." *Caribe Hilton Hotel v. Toland,* 63 *N. J.* 301, 303 (1973); *Kievit v. Loyal Protective Life Ins. Co.,* 34 *N. J.* 475, 492–493 (1961); *Restatement, Conflict of Laws,* 2d, § 188.